UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY NICOSIA, et al.,

    Plaintiffs,

    v.

WELLS FARGO BANK, et al.,

    Defendants.
_____/

No. C 10-0398 PJH

**ORDER GRANTING MOTION TO DISMISS**

Defendants' motions to dismiss plaintiff's complaint came on for hearing on June 23, 2010 before this court. Plaintiffs Anthony Nicosia and Kathryn Nicosia ("plaintiffs") appeared through their counsel, Glenn Moss. Defendants Wells Fargo Bank, N.A., Wells Fargo Home Mortgage (collectively "Wells Fargo") and First American Loanstar Trustee Services, LLC ("Loanstar") (all collectively "defendants"), appeared through their counsel, Jon D. Ives, and Natalie Sperry, respectively. Having read all the papers submitted and carefully considered the relevant legal authority, the court hereby GRANTS defendants' motions to dismiss, for the reasons stated at the hearing, and summarized as follows:

    1.    Plaintiffs' first claim for relief alleging declaratory and injunctive relief against all defendants, is DISMISSED for failure to state a claim. Since there is no viable cause of action for injunctive relief, this portion of the claim is dismissed with prejudice. See Shamsian v. Atl. Richfield Co., 107 Cal. App. 4th 967, 984-85 (2003)(claim for injunctive relief by itself does not state a cause of action). To the extent plaintiffs seek declaratory relief, however, plaintiffs' claim is dismissed with leave to amend, so that plaintiffs may

properly allege the existence of an actual controversy – i.e., some independent legal duty at issue – regarding the legal rights of the parties.  See, e.g., McClain v. Octagon Plaza, LLC, 159 Cal. App. 4th 784, 800 (2008).

2. As conceded by plaintiffs' counsel at the hearing on this matter, plaintiffs' Truth In Lending Act ("TILA") claim against Wells Fargo is DISMISSED with prejudice, as the claim – whether based on a claim for damages or rescission – is time-barred.

3. Plaintiff's Fair Debt Collection Practices Act ("FDCPA") claim against Wells Fargo Home Mortgage and Loanstar is also DISMISSED.  Plaintiffs allege that both defendants are "loan servicers" and that both defendants – collectively and without differentiation – violated the FDCPA in their efforts to collect on the mortgage loan in question.  See Complaint, ¶¶ 5, 25.  However, "foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA...".  See, e.g., Izenberg v. ETS Services, LLC, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008); Medina v. EMC Mortg. Corp., 2010 WL 2573006, *3 (N.D. Cal. 2010); Hulse v. Ocwen Fed. Bank, FSB, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002).  Thus, plaintiffs fail to plead that defendants were "collecting a debt" within the meaning of the Act.  Moreover, loan servicers seeking to collect a debt that was not in default at the time acquired by them – as appears to be the case here – are also not collecting a debt under the FDCPA.  See Bailey v. Security Nat'l Servicing Corp., 154 F.3d 384, 387 (7th Cir.1998)(FDCPA treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not); Whitaker v. Ameritech Corp., 129 F.3d 952, 958 (7th Cir.1997); see also Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 403-04 (3d Cir.2000); Wadlington v. Credit Acceptance Corp., 76 F.3d 103, 106-07 (6th Cir.1996); Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir.1985).  Plaintiffs' contrary reliance on Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA is inapposite, since Jerman held that the bona fide error defense in the FDCPA does not apply to violations of FDCPA resulting from a debt collector's incorrect interpretation of legal requirements of the Act.

See 130 S.Ct. 1605 (2010).  Accordingly, FDCPA claim is DISMISSED with prejudice.

4.	With regard to plaintiffs' fourth claim for relief against Wells Fargo Home Mortgage and Loanstar alleging violations of RESPA, plaintiffs' claim fails to plead actionable conduct against either defendant with sufficient factual detail, or to allege particularized and identifiable conduct taken by each individual defendant entity. Furthermore, with respect to Loanstar, plaintiffs cannot plausibly allege that Loanstar is a loan "servicer," as covered by RESPA.  Thus, the RESPA claim is DISMISSED.  The dismissal is with prejudice as to Loanstar.  Plaintiffs are granted leave to amend the claim as to Wells Fargo, however, so that plaintiffs may attempt to more specifically allege some form of actionable conduct by Wells Fargo in connection with its notification to plaintiffs "of the sale, assignment or transfer of servicing rights" related to the subject loans and property.

5.	Plaintiff's Cal. Bus. & Prof. Code § 17200 claim alleging unfair/deceptive business practices fails because, given plaintiffs' failure to state viable causes of action as addressed herein, there is no predicate violation upon which plaintiffs can base their section 17200 claim.  Furthermore, plaintiffs' complaint fails to allege the conduct engaged in by each defendant specifically, in particularized detail.  See Silicon Knights, Inc. v. Crystal Dynamics, Inc., 983 F. Supp. 1303, 1316 (N.D. Cal. 1997)("[a] plaintiff alleging unfair business practices under the unfair competition statutes 'must state with reasonable particularity the facts supporting the statutory elements of the violation.'").  Accordingly, this claim, alleged against all defendants, is DISMISSED.  Leave to amend is granted so that plaintiffs may attempt to cure the foregoing deficiencies.

6.	Plaintiffs' breach of contract claim against Wells Fargo is also DISMISSED, for failure to identify a specific written provision of any existing contract that was purportedly breached by either of the Wells Fargo defendant entities, or the manner in which Wells Fargo breached such a contract.  The dismissal is with leave to amend, so that plaintiffs may attempt to cure these deficiencies.

3

Plaintiffs' amended complaint shall be due no later than July 28, 2010.

**IT IS SO ORDERED.**

Dated: July 7, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge