UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY NICOSIA, et al.,

    Plaintiffs,

    v.

WELLS FARGO BANK, et al.,

    Defendants.

_____/

No. C 10-0398 PJH

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AMENDED COMPLAINT**

    Defendants' motions to dismiss plaintiffs' amended complaint came on for hearing on September 29, 2010 before this court. Plaintiffs Anthony Nicosia and Kathryn Nicosia ("plaintiffs") appeared through their counsel, Glenn Moss. Defendants Wells Fargo Bank, N.A., Wells Fargo Home Mortgage (collectively "Wells Fargo") and First American Loanstar Trustee Services, LLC ("Loanstar") (all collectively "defendants"), appeared through their counsel, Jon D. Ives, and Lawrence Harris, respectively. Having read all the papers submitted and carefully considered the relevant legal authority, the court hereby GRANTS defendants' motions to dismiss, for the reasons stated at the hearing, and summarized as follows:

    1.    Loanstar's motion to dismiss is GRANTED. With respect to the only claim plaintiffs allege against it – wrongful foreclosure, in violation of Cal. Civil Code § 2923.5 – Loanstar is a trustee, not a "mortgagee, beneficiary, or authorized agent," as contemplated by the statute. As such, its only duty implicated by the statute is that of including with the notice of default a "declaration" made by the lender pursuant to section 2923.5. Loanstar discharged that duty here. See Wells Fargo Request for Judicial Notice ("RJN"), Ex. C. Moreover, Loanstar is also entitled to immunity pursuant to Cal. Civil Code § 2924, which

deals with transfers and sales of deeds of trust, and expressly provides that "the trustee shall incur no liability for any good faith error resulting from reliance on information provided in good faith by the beneficiary regarding the nature and the amount of the default under the secured obligation, deed of trust, or mortgage." See Cal. Civil Code § 2924(b).  To the extent Loanstar's conduct occurred in reliance on the lender's information as provided under California statutes and § 2924, Loanstar is immune, in the absence of allegations establishing bad faith - which have not been stated here.  Accordingly, plaintiffs' remaining claim against Loanstar is dismissed with prejudice.

      2.     Plaintiffs' wrongful foreclosure claim against Wells Fargo – also premised on violation of Cal. Civil Code § 2923.5 – is also DISMISSED.  Defendants have sought dismissal on three grounds: that it has fully complied with section 2923.5; that section 20 of the deed of trust bars plaintiffs from filing suit against Wells Fargo without first providing Wells Fargo with notice and an opportunity to cure; and that section 2923.5 is preempted by the Home Owner's Loan Act ("HOLA").  For the reasons stated at the hearing, the court finds only the first of these arguments persuasive.  Section 2923.5 requires that a lender defendant make efforts to contact a borrower prior to a notice of default being issued, schedule a meeting with the borrower if requested, and that a declaration to that effect be included in the notice of default.  As already noted, Exhibit C of Wells Fargo's RFN, as well as plaintiffs' own allegation that they "made contacts with Wells Fargo," suggest that defendants have satisfied section 2923.5.  FAC, ¶ 14.  However, in the very same paragraph, plaintiffs have also somewhat confusingly alleged the opposite – that no defendant made contact with them or agreed to any meeting.  Id.  Furthermore, plaintiffs' allegations are silent as to whether they were advised, in the course of any "contacts" with defendants, of their right to a meeting, or whether plaintiffs even requested any such meeting.  Thus, while the court finds sufficient grounds to grant defendants' motion dismiss plaintiffs' wrongful foreclosure claim, the court grants plaintiffs leave to amend the claim, in order to clarify the scope of their allegations.

3. Plaintiffs' second cause of action alleging declaratory relief against Wells Fargo is DISMISSED for failure to state a claim. Plaintiffs allege three potential bases for obtaining declaratory relief based on defendants' violation of an independent legal duty: (1) defendants' failure to comply with section 2923.5; (2) defendants' failure to comply with section 1641 of TILA in identifying the true owners of the underlying obligation; and (3) defendants' failure to structure plaintiffs' home loan as a single purchase money obligation that would invoke the protections of California's anti-deficiency laws. For the reasons stated at the hearing, the court rejects plaintiffs' second and third proffered bases for obtaining declaratory relief, and accordingly GRANTS Wells Fargo's motion with prejudice as to these grounds. Similarly, and for the reasons already summarized herein, the court also GRANTS Wells Fargo's motion on grounds that it has in fact complied with its duties under Cal. Civil Code section 2923.5. However, the dismissal on this basis is with leave to amend, so that plaintiffs may clarify their allegations related to defendants' violation of section 2923.5.

4. Plaintiffs' third cause of action for breach of statutory duties is DISMISSED with prejudice. Plaintiffs contend that defendants breached their statutory duties to plaintiffs by failing to provide plaintiffs with the true owner of the underlying notes, as required by TILA, 15 U.S.C. § 1641; and by failing to maintain a meaningful toll free phone line or respond within 20 days to the qualified written request plaintiffs sent to Wells Fargo, as required by RESPA, 12 U.S.C. § 2605(e). See FAC, ¶¶ 30-33. As defendant notes, however, 15 U.S.C. § 1641(g) requires notice to be provided to the mortgagee by any "new" owners or assignees of debt. Defendants are the original owners of the note, and so are not implicated by the statute. Similarly, while plaintiffs allege that Wells Fargo failed to provide a toll free number in response to plaintiffs' QWR, RESPA does not require defendants to provide a toll free number. It only requires defendants to provide the borrower with "the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower." As to this,

plaintiffs' complaint is silent.  Thus, for the foregoing reasons, the court GRANTS defendants' motion to dismiss the third cause of action.

      5.      Defendants' motion to dismiss plaintiffs' Cal. Bus. & Prof. Code § 17200 claim alleging unfair/deceptive business practices is GRANTED in part and DENIED in part. Plaintiffs allege three bases for their unfair/deceptive business practices claim: (1) defendants' structuring of two loans to avoid California's anti-deficiency statutes; (2) defendants' refusal to provide plaintiffs the contact information regarding the actual owner of the notes presently; and (3) defendants' submission of a false declaration in connection with the notice of default, in violation of Cal. Civ. Code § 2923.5.  Defendants' motion to dismiss premised on the first two grounds is granted, for the reasons already stated herein and at the hearing.  However, defendants' motion to dismiss plaintiffs' third ground for the section 17200 claim is denied, as a full evidentiary record is needed before assessing the viability of this claim.

      6.      Finally, plaintiffs' breach of contract claim against Wells Fargo is also DISMISSED, for failure to state a claim.  As a preliminary matter, plaintiffs have mislabeled this claim; while it is titled a breach of contract claim, plaintiffs instead argue a claim for breach of the implied covenant of good faith and fair dealing.  Moreover, while plaintiffs allege several different purported bases for defendants' alleged breach of the implied covenant, plaintiffs' allegations fail to explain in a coherent manner the source of any duties owed to plaintiffs and breached by defendants, and are overly vague.  They therefore fail to state a cognizable claim for relief.  The dismissal is with leave to amend, so that plaintiffs may attempt to more clearly set forth the nature of any duties owed to plaintiffs and the manner in which defendants breached those duties.  To the extent, however, that plaintiffs have alleged defendants' failure to structure the loan obligation in order to comply with California's anti-deficiency statutes as a ground for breach, the court dismisses this portion of plaintiffs' complaint with prejudice, for the reasons already stated herein and at the hearing.

Plaintiffs' second amended complaint shall be due no later than November 22, 2010.

**IT IS SO ORDERED.**

Dated: October 25, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge